

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00613-CV

———————————————

JAMIE FANNER, Appellant

V.

LUIS E. VENTURA C/O DALLAS PROPERTY MANAGEMENT PROS, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2024-008612-1

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Pro se appellant Jamie Fanner attempts to appeal a nunc pro tunc dismissal order, but she filed her notice of appeal too late.

The trial court signed its challenged dismissal order on July 18, 2025, stating, "this nunc pro tunc order is signed to clarify this order is final as to all claims of all parties." [Capitalization altered.] Such language unequivocally confirmed that the order was a final judgment, thereby starting the clock on the parties' appellate deadlines. *See Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154–55 (Tex. 2023) (recognizing that "courts will deem a judgment without a trial to be final . . . [when] it clearly and unequivocally states that it finally disposes of all claims and parties" and discussing statements that "constitute indicia of finality"); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200, 205 (Tex. 2001).

Generally, if an appellant files a qualifying postjudgment motion—as Fanner did here—then her notice of appeal is due within 90 days of the judgment's signing. *See* Tex. R. App. P. 26.1(a). Fanner's notice of appeal was thus due within 90 days of July 18, 2025, i.e., by October 16, 2025. But she did not file her notice of appeal until November 11, 2025—approximately 116 days after the judgment's signing.[1] Such tardiness has significant ramifications.

---

[1]An appellant can request an additional 15-day extension of the deadline as long as her request is filed within that 15-day period. *See* Tex. R. App. P. 26.3; *cf. Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Fanner did not file a request within the relevant 15-day period, and even if she had, her notice of appeal would have been due

"The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal . . . , we must dismiss the appeal." *Chaudhary v. Sheikh*, No. 02-25-00316-CV, 2025 WL 2177175, at *1 (Tex. App.—Fort Worth July 31, 2025, no pet.) (mem. op.); *see* Tex. R. App. P. 25.1(b).

Consequently, we warned Fanner that we could dismiss her appeal for want of jurisdiction unless she showed grounds for continuing it. *See* Tex. R. App. P. 42.3(a). Fanner responded by questioning the judgment's finality, proposing various methods of clarifying it, seeking an opportunity to cure, and requesting an equitable exception to the jurisdictional deadlines. But, again, the judgment expressly confirmed that it "[wa]s final as to all claims of all parties." [Capitalization altered.] *See Patel*, 661 S.W.3d at 154–55. And as Fanner acknowledges, this court's "jurisdictional deadlines are mandatory."

"[W]ithout a timely filed notice of appeal . . . , we must dismiss the appeal." *Chaudhary*, 2025 WL 2177175, at *1 (dismissing untimely appeal for want of jurisdiction); *see* Tex. R. App. P. 25.1(b). We therefore dismiss Fanner's attempted appeal for want of jurisdiction, and we deny all other pending motions as moot. *See* Tex. R. App. P. 42.3(a), 43.2(f).

---

within 105 days of the judgment's signing, so the notice that she filed 116 days after the judgment would still have been untimely.

Similarly, Fanner was not entitled to have us imply a motion for extension because she did not file her notice of appeal within 105 days of the judgment's signing. *Cf. Verburgt*, 959 S.W.2d at 615, 617.

3

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  December 11, 2025